SIMPSON *v.* BLEWITT.

Opinion delivered November 10, 1913.

1. PLEADING—SUFFICIENCY OF COMPLAINT—AMENDMENT TO CONFORM TO PROOF.—Although a complaint is indefinitely drawn, and although the allegations therein would not warrant the proof offered; when plaintiff introduced proof, without objection, curing the defects in the complaint, the complaint will be treated as amended to conform to the proof. (Page 89.)

2. NEW TRIAL—SURPRISE.—After verdict, appellant can not complain of surprise, when he failed during the trial to object to the introduction of the testimony offered by appellee, which constituted his ground for surprise. (Page 89.)

3. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE.—Where appellant asks a new trial on the ground of newly discovered evidence, he will be held to have failed to show due diligence, when he fails to assign a reason for not producing the witnesses at the trial. (Page 90.)

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; affirmed.

*S. W. Leslie,* for appellant.

1. A real estate broker is entitled to his commission where he was the procuring cause of the sale of the property to another. 89 Ark. 203.

2. Plaintiff must allege and prove (1) employment as agent to sell, and (2) a sale on terms fixed by the principal. 139 Am. St. Rep. 232.

*M. S. Cobb,* for appellee.

1. Where there is any legal evidence to support the verdict, it will not be disturbed by this court. 85 Ark. 193.

2. General objections to instructions are not sufficient.

3. All the allegations of the complaint were proved, and there is no question of "accident and surprise" in the trial.

McCULLOCH, C. J. The plaintiff, R. H. Blewitt, instituted this action against defendant, R. A. Simpson, to recover amount alleged to have been earned as commission on an exchange made by defendant with another party of some of his lands. Plaintiff claimed that a contract was entered into between him and defendant concerning the sale or exchange of the lands, and that he earned the commission according to the terms of the contract. The allegations of plaintiff in his complaint concerning the transactions are that "he entered into a contract with the defendant, R. A. Simpson, in which plaintiff was to secure parties to or through whom a sale or exchange of certain property * * * could be effected; that defendant agreed to pay plaintiff a commission of 2½ per cent on $20,000 of this amount in the event plaintiff procured the parties and a sale or exchange of said property was made," and that plaintiff "procured the parties to or through whom the sale or exchange of defendant's property was made."

The defendant answered, denying that he had agreed to pay plaintiff a commission on the sale or exchange of his property, or that a sale or exchange was made through any efforts of the plaintiff.

An issue of fact was squarely presented in the pleadings as to the terms of the alleged contract between plaintiff and defendant and whether the former had performed the service in accordance with the terms of the contract so as to entitle him to a commission on the exchange which defendant made of his lands with another party.

Defendant exchanged his lands with a man named Budd, and the trade was brought about through the efforts of one Epps, who brought the defendant and Budd together for the trade.

Plaintiff testified that defendant's contract with him was that if he (plaintiff) should find a purchaser or one to exchange with, or procure some one else to do so, he should be entitled to a commission, and that Epps nego-

tiated the trade for the exchange with Budd at his (plaintiff's) request.

Defendant admitted in his testimony that he had agreed to pay a commission on any sale or trade negotiated by plaintiff, but denied that he had agreed to pay any commission on a sale or exchange negotiated by any one else. He testified that the exchange with Budd was brought about by Epps, and that this did not fall within the terms of his agreement with plaintiff.

This conflict in the testimony was settled in plaintiff's favor by the verdict of the jury, and we must, therefore, accept plaintiff's version of the transactions as correct.

It is contended on behalf of defendant, as ground for reversal, that the evidence is not sufficient to sustain the verdict, in that it does not correspond with the allegations of the complaint. It is insisted that the complaint sets forth a contract whereby a commission was to be paid on a sale or exchange negotiated by the plaintiff, and the undisputed testimony shows that the plaintiff did not negotiate the exchange with Budd.

We think that this is an erroneous interpretation of the complaint, the allegations of which are sufficient to set forth a contract which corresponds with the plaintiff's testimony. At most, it can only be said that the complaint is somewhat indefinite in its allegations; but the defendant did not ask that it be made more definite and certain in this respect. Moreover, the plaintiff's testimony was allowed to go to the jury without objection, and the complaint must be treated as amended to conform to the proof, even if the allegations were not sufficient to warrant the proof.

One of the grounds of the motion for new trial is that the defendant was surprised at the testimony of the plaintiff to the effect that the contract provided that he was to have a commission on a sale or exchange negotiated by another at his request. It is again insisted, in support of this ground for new trial, that the evidence of the plaintiff was not in accordance with the allega-

tions of his complaint, and was, therefore, a surprise to the defendant.

We have already pointed out that, in our opinion, the allegations were sufficient to put defendant on notice that this would be plaintiff's contention as to the terms of the contract, but, even if it were not so, the defendant should have objected to the testimony at the time it was offered and asked the court to give him time to prepare to meet what he conceived to be the changed allegations. He failed to do so, but, on the contrary, took issue with plaintiff as to the terms of the contract, and it was too late, after the verdict against him, to complain of surprise.

He tenders with his motion for new trial affidavits showing newly-discovered evidence. But we do not think that the showing of diligence is sufficient. There is no reason shown why the testimony of those witnesses could not have been procured at the trial.

No complaint is made here as to the instructions of the court, and the evidence was sufficient to sustain the verdict, so the judgment must be affirmed. It is so ordered.