## MEYER *v.* HOLLAND.

### Opinion delivered November 30, 1914.

BROKER'S COMMISSIONS—REAL ESTATE.—M. listed lands with H., reserving the right to sell the lands himself. H. introduced one E. to M. as a prospective purchaser. In reply to H.'s question as to whether M. had sold to E., M. said to H., "I will take care of your commissions if E. and I trade." E. did not purchase from M., but M. did sell the land to one S. who was introduced to him by E. *Held*, under the evidence M. was liable to H. for his commissions on the sale.

Appeal from Garland Circuit Court; *Calvin T. Cotham*, Judge; affirmed.

*C. Floyd Huff*, for appellant

*Rector & Sawyer*, for appellee.

The case of *Scott v. Patterson*, 53 Ark. 52, settles the law of this case, we think. See also 52 Mo. 249; Fitch, Real Estate Agency, 119; 55 N. Y. 319.

SMITH, J. Appellee recovered judgment for commissions claimed by him upon a sale of real estate owned by appellant.

The evidence is not abstracted fully by appellant, but his contention is that the evidence at the trial developed the following facts: That appellant listed certain lands with appellee, but reserved the right to sell the lands himself, if he found a purchaser. That appellees showed the property to one Epps, who was himself a real estate dealer, and subsequently introduced Epps to appellant. That appellant and Epps were unable to trade, but appellant listed his lands with Epps, who subsequently procured one Swan as a purchaser, with whom he traded.

Appellee abstracts the testimony offered in his own behalf, and it appears that his testimony in the trial below was substantially as follows: That prior to November 11, appellant listed with him for sale, certain real estate in Hot Springs, valued at $11,000, and appellee was to find a purchaser for said property at that price, or for the consideration of $6,000 and the assumption of an indebtedness secured by a deed of trust in the sum of $5,000. That about the 15th of November, Mr. Epps came to his office and said that he wished to buy or trade for a home in Hot Springs, that he had lands in this State and other States which he would be glad to exchange for property in Hot Springs, and that he had listed with him for sale real estate belonging to his clients and that if none of his own lands would suit a customer he could possibly make a trade on some of the lands listed with him. Appellee told Mr. Epps about appellant's lots and stated to him that he thought he could negotiate a trade for some of his lands, and that he took him to the property, and Mrs. Meyer showed them through the house; that Epps was well pleased and he went with him to appellant's store, and stated to him at the time that Mr. Epps owned lands in this and other States and wanted to trade for property in Hot Springs; that he had shown appellant's property to Epps and

hoped they could get together on some of these lands, but if they could not that Epps had lands belonging to others listed with him for sale or trade and they could possibly find something that they could get together on; that he said to appellant at the time that, if he and Epps traded for lands owned by Epps, or listed by others with him for trade, he would expect his commission, and appellant said, "I will take care of your commissions if Epps and I trade. I like to pay commissions," and that he left appellant and Epps discussing certain lands in Kansas owned by Epps, and that some time thereafter he called appellant over the phone and asked him how the trade was progressing, and was told, "The man you brought me didn't trade for my property, but got me a man." Appellant traded with one A. D. Swan who assumed the $5,000 mortgage debt and conveyed to Meyer certain lands owned by him. Epps testified that at the time he first met Holland the Swan lands were listed with him, and had been for some time.

Appellant has not set out the instructions given by the court in this case, and we must assume that the case went to the jury under instructions correctly declaring the law.

According to appellee's version of this transaction, there was an express promise on appellant's part to pay the commissions, the amount of which is not in controversy, if appellant traded with Epps for any lands owned by Epps, or listed with him for sale, and a sale was made by trading for certain lands owned by Swan, which were listed with Epps at the time the promise was made. The judgment of the court is, therefore, affirmed.