HORTON & COMPANY *v.* BEALL.

Opinion delivered December 7, 1914.

BROKER'S COMMISSIONS—SALE OF REAL ESTATE.—B. listed lands with H. for sale, reserving the right to make a sale himself. H. corresponded with one C., another broker, looking to a sale, but nothing

was accomplished. Later B. consummated a sale through C. *Held,* H. was not entitled to any commissions in this sale, as there was nothing in his contract with B. whereby B. would become liable to him.

Appeal from Hempstead Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Steve Carrigan, Jr.,* and *Etter & Monroe,* for appellants.

1. If appellants' efforts in bringing about negotiations between appellee, acting for himself, and Colter & Company, acting for their client, was the cause originating in a series of events which, without break in their continuity, resulted in the sale or exchange of the land, appellants, in contemplation of law, are the procuring cause of the sale, and are entitled to their commission. 76 Ark. 375; 84 Ark. 462, 467; 53 Ark. 49; 89 Ark. 203; 71 Conn. 590; 44 L. R. A. 321, and note; 27 L. R. A. (N. S.) 198; 165 S. W. 503; *Id.* 1119; 14 S. W. 256; 157 S. W. 427; 60 S. W. 269; 61 N. W. 503; 154 S. W. 806; *Id.* 894; 23 L. R. A. (N. S.) 164.

2. The court was not warranted in directing a verdict for the appellees. In determining the correctness of that action, the evidence should be viewed in the light most favorable to the appellants, against whom the verdict was directed. 89 Ark. 372; *Id.* 589; 63 Ark. 94; 36 Ark. 451; 35 Ark. 146; 62 Ark. 63; 84 Ark. 57; 95 Ark. 561; 103 Ark. 231.

*O. A. Graves,* for appellee.

The facts in evidence, viewed in the light most favorable to appellants, make it clear that appellants are not entitled to a commission. A real estate broker who has no exclusive authority to sell, takes his chances with other agents who have like authority. The owner owes the commission to that agent only who is actually the procuring cause of the sale. 166 S. W. 537.

McCULLOCH, C. J. This is an action instituted by appellants against appellees to recover commissions alleged to be due on the sale of a plantation in Hempstead

County, Arkansas, owned by appellees. Appellants are real estate brokers at Hope and appellees entered into a contract, giving them exclusive right during a period of six months, to sell the plantation for a commission. That period expired without any progress being made toward a sale, and thereafter appellees continued the au-authority of appellants to sell or exchange the property and agreed to pay them a commission, but the agreement did not contemplate an exclusive privilege on the part· of appellants. On the contrary, appellees reserved the right to list the lands for sale or exchange with other dealers, and did place them with other dealers.

An exchange of the lands for other real estate was finally made with one Aiken, and the trade was brought about and consummated through Colter & Co., a firm of real estate brokers at Muskogee, Oklahoma, with whom appellee had listed the lands. Some months prior to that time, appellants had corresponded with Colter & Co., with reference to an exchange of the lands for real estate in Muskogee owned by a man named Robinson, and Colter & Co. endeavored to bring about the exchange but failed. It was after the failure to effect that exchange (appellees having, after examining the Robinson prop-erty, declined to enter into the trade), that Colter & Co. brought appellees and Aiken together for the trade which was consummated. Appellees agreed to pay a commission to Colter & Co. and executed their note for the stipulated amount. When appellants asserted a claim to the commission, the note was held up until it could be determined whether or not they were entitled to the commission. Upon this state of facts, adduced in evi-dence at the trial, the circuit court peremptorily in-structed the jury to render a verdict in favor of appel-lees, which was done, and judgment rendered accord-ingly.

The question for review is whether the testimony, in any phase of it most favorable to appellants, war-ranted a submission of the issues to the jury. Our con-clusion, after considering the testimony, is that there was

no evidence tending to justify a recovery by appellants, and that the court was correct in giving a peremptory instruction. The contract between appellants and appellee was that the latter should pay appellants a commission for bringing about or negotiating a sale or exchange of the lands, and it is undisputed that the exchange was not brought about through the efforts of appellants. In other words, they did not procure the exchange and are not entitled to a commission.

We have had cases where the parties agreed that a commission should be paid if the broker procured a sale or procured some other person to bring about a sale, and in those cases we held that where one broker procured a sale or exchange through another broker he was entitled to a commission. *Simpson* v. *Blewitt*, 110 Ark. 87; *Meyer* v. *Holland*, 116 Ark. 271. There is no contention that such was the effect of the contract in this case between appellants and appellees, and in order to entitle them to a commission it must appear that they procured a sale or exchange for appellees. This they did not do. Appellees reserved the right, as before stated, to place the lands in the hands of other dealers for sale or exchange, and under this reservation they had the right to accept a purchaser brought to them by Colter & Co., or any other dealer, and pay the latter a commission, without becoming liable to appellants, even though appellants originally brought that firm of brokers and appellees together. Colter & Co. were not acting as the agents of appellants in negotiating the exchange between appellees and Aiken, but were proceeding independently. It may be that Colter & Co. did not act in good faith with appellants, and there is some testimony of admissions on the part of Colter & Co. which tend to establish that fact. But that does not render appellees liable, for they had the right to employ Colter & Co. to make the sale or exchange, and did so, and agreed to pay them a commission. So there is no theory deducible from the evidence in this case upon which appellants are entitled to recover from appellees

a commission for the exchange made with Aiken. They did not bring about the exchange and their contract with appellees was not broad enough to entitle them to a commission on an exchange brought about by Colter & Co., or any other brokers.

The judgment is therefore affirmed.