BRANNEN *v.* POOLE.

Opinion delivered February 2, 1920.

1. BROKERS—RIGHT TO COMMISSIONS.—Where a real estate broker was given no exclusive agency to sell lands, and no authority for any definite time, in order to earn his commission, he must, before a revocation of his authority or a sale of the land, have procured a purchaser ready, willing and able to purchase on the terms specified in the contract.

2. BROKERS—RIGHT TO COMMISSIONS.—A broker is not entitled to commission for procuring a purchaser for land on the theory that he dealt with another broker as a purchaser, where such deal fell through, and a sale was finally made to another through the efforts of the other broker who received a commission for procuring a purchaser.

3. BROKERS—RIGHT TO COMMISSIONS.—Where a real estate broker, employed to sell defendant's land, turned over a second broker to defendant with the statement that such second broker was his associate, and that any arrangement made with him would be satisfactory, and the defendant subsequently paid the second broker a commission for procuring a purchaser, the first broker was not entitled to recover a commission from defendant.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*J. A. Watkins,* for appellant.

Poole was not exempt from service of a summons in this case and the court properly directed a verdict for appellee. 45 L. R. A. 613; 126 Ark. 398; 53 Id. 51; 76 *Id.* 376. The sale was brought about and procured by the efforts and labors of appellant and under the law he was entitled to recover the commission. Cases *supra.* See also 23 L. R. A. 632.

*Mehaffy, Donham & Mehaffy,* for appellee.

1.   Appellee was not exempt from service of a summons and 126 Ark. 389 is not in point.  2 R. C. L. 482.

2.   Brannen did absolutely nothing to bring about or procure the sale, and the evidence is clear that he did not earn the commission.  4 R. C. L. 305; 116 Ark. 273; 112 *Id.* 227; 122 Ark. 258; 91 *Id.* 212; 55 *Id.* 574; 121 *Id.* 536.

McCULLOCH, C. J.,   Appellant instituted this action against appellee to recover broker's commission on a sale of real estate under an alleged contract whereby appellee employed appellant to procure a purchaser for the land.   There was a trial of the issues before a jury, but the court directed a verdict in favor of appellee.

The only question presented, therefore, is whether or not there was sufficient evidence to warrant a submission of the issue to the jury.

Appellee was the owner of an undivided one-fifth interest in a large tract of timber land in Calhoun County, Arkansas, aggregating about 10,000 acres, and he was endeavoring on behalf of himself and his associates to sell the land.   He had authority also to sell for a man named Bell another tract in the same vicinity containing about 6,000 acres.   Appellant was engaged in business in the city of Little Rock, as a real estate broker, and applied to appellee for authority to sell this land. Appellee authorized appellant to sell the land at a net price of $16 per acre.   Appellant introduced to appellee a man named Buzard, through whom there was an effort made to sell the land to the Belzoni Hardwood Lumber Company of Belzoni, Mississippi, who was represented by its agent, Mr. Brattan.   Buzard was a real estate broker in Memphis, connected with a firm doing business in that city.   The effort to make the sale just mentioned was not successful, but subsequently appellee sold the Bell land himself to another concern, and the 10,000 acres in which appellee was personally interested was later sold to the Calion Land & Lumber Company of St. Louis, the

sale being made through Buzard and Brattan at the price of $15.50 per acre, and appellee paid Buzard a commission of 25 cents per acre for making the sale.

Appellant testified that he dealt with Buzard as a prospective purchaser of the land and introduced him to appellee as such. On the other hand, appellee testified that appellant introduced Buzard as his (appellant's) associate in the effort to make the sale, and told him that whatever Buzard did would be satisfactory.

We are of the opinion that the court was correct in giving the peremptory instruction to the jury, for under neither of the two theories presented by the conflicting evidence was appellant entitled to a commission. Under the contract between the parties there was no exclusive agency for the sale of the land, nor was appellant's authority given for any definite period of time. Under the terms of the contract, in order to earn a commission, appellant must, before the revocation of the authority or a sale of the land, have procured a purchaser ready, willing and able to purchase on the terms specified in the contract.

This is not a case like *Simpson* v. *Blewitt,* 110 Ark. 87, where the commission could be earned either by procuring a purchaser or by procuring some one to find a purchaser, but under the terms of this contract it was necessary for appellant, either himself or some one acting for him, to produce the purchaser in order to earn the commission. It is undisputed that there was no sale made to Buzard, and that the first sale in contemplation to the Belzoni Hardwood Lumber Company was never consummated. Appellant is not entitled, therefore, to recover upon his own theory that he dealt with Buzard as a purchaser, for the simple reason that there was no sale made to Buzard. The sale finally made was through the efforts of Buzard as a broker, and appellee paid the commission to Buzard for making the sale. There having been no sale made to Buzard, nor to any one else through the procurement of appellant, he is not entitled to a commission, nor is there the slightest evidence of any collu-

sion between appellee and Buzard or any evasion in the form of the contract for the purpose of defeating appellant's right to claim a commission. The attempted sale to the Belzoni Hardwood Lumber Company on the terms first stipulated between appellant and appellee failed, as before stated, and the sale thereafter was made several months later to the Calion Land & Lumber Company upon new terms and after an express agreement was entered into between appellee and Buzard as to the amount of commissions to be paid.

If, as contended by appellant, he introduced Buzard to appellee as a prospective purchaser, and no sale was made to Buzard, appellant would not be entitled to a commission on a sale subsequently made by Buzard under contract entered into in good faith by appellee with him as a broker. Appellee did not bind himself in his contract with appellant not to sell the land himself, or not to attempt to sell it through some other broker, and appellee was entirely within his rights in engaging with Buzard, or any other broker, to make a sale without incurring liability to appellant for a commission.

Now, turning to the theory of appellee, under the testimony adduced by him, it was equally plain that appellant is not entitled to recover in the action. Appellee testified that appellant had turned Buzard over to him with the statement that Buzard was appellant's associate, and that any arrangement made with him would be satisfactory. The terms of the sale to the Calion Land & Lumber Company and the agreement with reference to the commission on the sale were made with Buzard, and appellee paid the commission according to his agreement with Buzard. Under those circumstances, appellant is not entitled to recover the commission.

Judgment affirmed.